STROBRIDGE LITHOGRAPHING CO. *v.* CRANE.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

INJUNCTION—PARTIES IN INTEREST.

　　In an action to restrain defendant from working for a certain firm, or for any other person or corporation, in violation of a contract to render services to plaintiff, it appeared that he had entered into a subsequent contract with the firm named. *Held*, that the persons composing that firm had an interest in the controversy and in the subject thereof, within the meaning of Code Civil Proc. N. Y. § 452, and were entitled to be made parties to the action.

Appeal from special term, New York county.

Action by the Strobridge Lithographing Company against William H. Crane, to restrain him from working for the Metropolitan Job Printing Office, or any other person or corporation, in violation of his contract of employment with plaintiff. Robert F. Gillen and other persons, partners under the name of the "Metropolitan Job Printing Office," moved to be made parties defendant to the action. The motion was denied, and from the order entered thereon they appeal. Code Civil Proc. N. Y. § 452, provides that "where a person not a party to the action has an interest in the subject thereof, * * * and makes application to the court to be made a party, it must direct him to be brought in by proper amendment." For opinion on the merits, see *post*, 899.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*George H. Hart*, for appellants. *James H. Egan*, (*John T. Walsh*, of counsel,) for respondent.

BARRETT, J. The application to bring in the appellants as parties defendants should have been granted. They had an interest in the present controversy and in the subject thereof, within the meaning of section 452 of the Code. The action is not merely to enjoin Crane from working generally in violation of his contract with the plaintiffs, but from working for these appellants under a contract which he has made with them; in other words, to restrain the execution of that contract. The appellants have thus a direct interest in the controversy. They certainly have a right to be heard before they are deprived by injunction of the services of a person who is ready and willing to fulfill his engagement with them. This principle has always been recognized, and it has been the common practice, both in England and this country, to proceed against the party who may be injuriously affected by the injunction, as well as against the employe who is charged with violating the restrictive covenant. *De Pol* v. *Sohlke*, 7 Rob. (N. Y.) 280; *Fredericks* v. *Mayer*, 13 How. Pr. 566; affirmed by the general term in 1 Bosw. 227; *Hamblin* v. *Dinneford*, 2 Edw. Ch. 529; *Lumley* v. *Wagner*, 1 De Gex, M. & G. 604; and see Mr. Abbott's note to *McCaull* v. *Braham*, 16 Fed. Rep. 37.

The general rule that all parties whose interests are to be affected by a judicial decree should be brought in has been broadly applied. See *Clay* v. *Clay*, 21 Hun, 609, and *Tilby* v. *Hayes*, 27 Hun, 253. In *People* v. *Railroad Co.*, 77 N. Y. 232, the court of appeals held that the lessee of a railroad corporation whose charter was sought to be annulled was entitled to be made a party defendant. That action was brought by the attorney general for the purpose of enforcing an alleged forfeiture of the charter of the lessor corporation, and dissolving it, because of non-user of part of the road. RAPALLO, J., speaking for the court, said: "The lessee has such an interest in the subject of the action and in the real estate to be affected by the judgment as to entitle it to be heard." The subject of the action was the alleged forfeiture, with which the lessee had no privity. The real estate was not the subject of the action, and could only be affected by the legal consequences flowing from dissolution; yet the court held that it would be unjust to cut off the rights of the lessee without a hearing, and reversed the order which denied the lessee's application. In the case at bar the appellants' contract with Crane, and its fulfillment by the latter, are directly involved. They should not, therefore, be denied a hearing.

The order appealed from should be reversed, with $10 costs and disbursements, and the application of the appellants granted. All concur.