[Civil No. 414.  Filed January 16, 1894.]

[36 Pac. 33.]

THE CAÑADA DEL ORO MINES, LIMITED, and J. DEWITT STURGESS, Manager, Defendants and Appellants, v. HORACE F. COLLINS, by GEORGE J. ROSKRUGE (his best friend), Plaintiff and Appellee.

1. APPEAL AND ERROR—AMOUNT IN CONTROVERSY—APPEAL FROM JUS-TICE COURT—REV. STATS. ARIZ. 1887, PAR. 1452, CONSTRUED—APPEAL FROM DISTRICT COURT—REV. STATS. ARIZ. 1887, PARS. 592, 593, CON STRUED.—No appeal will lie from a justice court, unless the amount in controversy exceeds twenty dollars, exclusive of costs. Par. 1452, *supra*, construed. And no appeal from a case commenced in justice court will lie from a judgment of the district court unless the judgment exceeds one hundred dollars. Par. 592, *supra*, construed. The appellate jurisdiction of the supreme court is limited to cases originating in the district court where the amount exceeds two hundred dollars. Par. 593, *supra*, construed.

2. SAME—JURISDICTION—SUPREME COURT—REV. STATS. ARIZ. 1887, PAR. 846, CONSTRUED—HISTORY CO. v. DOUGHERTY, 3 ARIZ. 387, 29 PAC. 649, DISAPPROVED.—Paragraph 846, *supra*, providing that an appeal or writ of error may be taken to the supreme court from any final judgment of the district court rendered in civil cases, must be construed to give the right of appeal in cases within the jurisdiction of the supreme court, and not otherwise. *History Co. v. Dougherty, supra*, disapproved.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Richard E. Sloan, Judge. Dismissed.

The facts are stated in the opinion.

F. H. Hereford, for Appellants.

William M. Lovell, for Appellee.

ROUSE, J.—This was an action instituted before a justice of the peace by appellee against appellants, to recover a balance on an account of $68.80. Judgment was rendered thereon in favor of appellee for said sum of $68.80, and for the costs of the suit, amounting to and taxed at $24.40; making a total of $93.20. From said judgment appellants appealed the case to the district court of Pima County, and on a trial anew therein a jury returned a verdict for $68.80, and a judgment was duly entered thereon in favor of appellee for $68.80, and for costs, and the costs were taxed at $61.30. The appellee asks that the appeal be dismissed, for the reason that this court has no jurisdiction of the case. Paragraph 1452 of the Revised Statutes of 1887 is as follows: "1452 (Sec. 60). Any party to a final judgment in the justice's court may appeal therefrom to the district court, where such judgment, or the amount in controversy, shall exceed twenty dollars, exclusive of costs, and in such other cases as may be expressly provided by law." The district court had no original jurisdiction of this case, for the reason that the amount was less that one hundred dollars. The only way, therefore, that this case could be heard in the district court was through an appeal from the justice's court. Paragraph 602 (sec. 3) and paragraph 603 (sec. 4) of the Revised Statutes define the jurisdiction of the district courts, and are as follows: Paragraph 602 (sec. 3): "Their original jurisdiction shall extend to all civil cases where the amount exceeds one hundred dollars, exclusive of interest." Paragraph 603 (sec. 4): "The appellate jurisdiction of these courts shall extend to hearing upon appeal: . . . 1. All actions from courts of justices of the peace which shall be returned therein agreeably to law." It is also provided that cases brought up to said district courts by appeal, etc., shall be tried *de novo.* Rev.

Stats., par. 760, sec. 12.   The jurisdiction of the supreme
court, as fixed by the statute, is as follows: Paragraph 592
(sec. 2): "The supreme court shall have appellate jurisdic-
tion in all cases where the matter in dispute exceeds one
hundred dollars."   Paragraph 593 (sec. 3): " . . . To re-
view upon appeal: . . . 1st. A judgment in an action or pro-
ceeding commenced in the district court, when the matter in
dispute exceeds two hundred dollars, . . . or brought into
that court from another court."   Thus it will be observed
that no appeal will lie from a justice court to the district
court, unless the amount in controversy exceeds twenty dol-
lars, exclusive of costs; and that no appeal from a case com-
menced in a justice court will lie from the judgment of the
district court unless the judgment exceeds one hundred dol-
lars; that the appellate jurisdiction of the supreme court is
limited to cases originating in the district court where the
amount exceeds two hundred dollars.   Hence the jurisdiction
of the supreme court depends upon two different amounts,
viz.: First, in cases originating in justices' courts, and ap-
pealed therefrom to the district court, where the amount of
the judgment of the district court exceeds one hundred dol-
lars; and second, in cases commenced in the district court,
where the amount exceeds two hundred dollars.   Paragraph
846 of the Revised Statutes—which is as follows: "846 (Sec.
198).   An appeal or writ of error may be taken to the supreme
court from any final judgment of the district court rendered
in civil cases,"—must be construed to give the right of appeal
in cases within the jurisdiction of the supreme court, and not
otherwise.   *History Co.* v. *Dougherty,* 3 Ariz. 387, 29 Pac.
649, is disapproved.   The amount in controversy in this case
being less than one hundred dollars, the motion to dismiss the
appeal is sustained.

Baker, C. J., and Hawkins, J., concur.