(12 Misc. Rep. 77.)

## NEVINS v. FIDELITY & CASUALTY CO.

### In re MASON.

(Common Pleas of New York City and County, General Term.  April 1, 1895.)

1. PROPER PARTIES—INTEREST IN SUBJECT-MATTER.
    Where an action is brought against the surety alone on a bond given to secure certain agreed payments by the principal to plaintiff, the principal has an interest in the subject-matter of the action, within Code Civ. Proc. § 452, which provides that, "where a person not a party to the action has an interest in the subject thereof * * * and makes application to the court to be made a party it must direct him to be brought in."

2. SAME—PRACTICE.
    An application for leave to become a party defendant in an action will not be denied on the ground that it should have been by motion in the action, and not by petition.

Appeal from special term.

Action by Thomas Nevins against the Fidelity & Casualty Company.  From an order granting the motion of Herbert Lea Mason to be made a party to the action, plaintiff appeals.  Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Coudert Bros. (Joseph Kling, of counsel), for appellant.
H. F. Lawrence, for respondent.

DALY, C. J.  The complaint in the action between Thomas Nevins and the Fidelity & Casualty Company described in the petition sets forth an agreement between Nevins and this petitioner, Mason, on July 28, 1893, by which the plaintiff agreed to sell to Mason certain real property for the sum of $123,500, to be paid for by Mason taking the premises subject to existing mortgages for $83,500, paying $500 cash, and giving his bond and a mortgage on the premises for $40,000;  the agreement providing that Mason should pay the plaintiff out of the rents of the premises $600 per month as a fund to pay the interest on the mortgages and the taxes, and that Mason should procure a bond from a surety company to secure the payment of such monthly sum.  The complaint then sets forth that the Fidelity & Casualty Company executed a bond accordingly;  that the deed to Mason was thereafter delivered, and he went into possession, and collected the rents for the month of September, 1893, amounting to $436.50, which he omitted to pay to the plaintiff, and for which the plaintiff demands judgment against the company.  The petitioner, Mason, named in the complaint as the party furnishing the bond of the surety company, now applies to be made a party to that action, in order to protect

his interests; setting forth fraud on the part of the plaintiff Nevins in inducing petitioner's purchase of the premises mentioned in the complaint; alleging that he is named in the bond as principal, and has a good defense to it, which will be lost to him unless he is made a party to the action, as the surety company cannot and will not avail themselves of the defense. The answer of the company in the action pleads defect of parties, averring the bond to be the joint obligation of the company and Mason. This application is made under the Code, providing that, "where a person not a party to the action has an interest in the subject thereof * * * and makes application to the court to be made a party it must direct him to be brought in by the proper amendment." Section 452. The plaintiff opposes the application on the ground that the petitioner has no interest in the subject of the action, because he is not entitled to receive any part of the amount in controversy, to wit, the rents collected by him. If judgment goes against the surety, the petitioner, as principal, will be liable over to the latter; but he can relieve himself from such liability if permitted to defend the action and establish his defense therein. He has, therefore, a direct interest in the subject of the action, viz. the enforcement of the bond. The surety company cannot set up as a defense the fraud which the petitioner charges. As the latter has not rescinded the contract of sale of the premises, he has only a claim for damages, which is not available as a defense to the surety (Gillespie v. Torrance, 25 N. Y. 306); but, if the principal and surety are sued together, a successful recoupment by the former will inure to the benefit of the latter, although the surety could not, if sued alone, avail himself of the defense (Springer v. Dwyer, 50 N. Y. 19). Great liberality is always shown in admitting parties who may be injuriously affected by the action and judgment. Thus, where an action was brought upon a contract for services, to restrain the employe from entering into the service of another, the latter was admitted to defend, as having a direct interest in the event of the action. Lithographing Co. v. Crane (Sup.) 12 N. Y. Supp. 834. The court held that the defendant's contract with the applicant was directly involved. In this case the obligation of the petitioner to indemnify his surety for the exact amount recoverable in this action is substantially involved in this litigation. The application is also opposed on the ground that it should be by motion in the action, and not by petition. In Haas v. Craighead, 19 Hun, 396, the application appears to have been by petition, although made in the action. There is no adjudication that an application by petition specially entitled should be denied for that reason. No substantial right is affected by the practice here pursued. Order appealed from affirmed, with costs and disbursements. All concur.