[Civil No. 605.   Filed June 11, 1898.]

[53 Pac. 588.]

# THE LONDON, PARIS, AND AMERICAN BANK, LIMITED, et al., Plaintiffs and Appellants, v. D. A. ABRAMS et al., Defendants and Appellees.

1. APPEAL AND ERROR — INTERVENTION — ALLOWANCE DISCRETIONARY— WILL NOT BE REVIEWED—REV. STATS. ARIZ. 1887, PAR. 656, CITED. —Where plaintiffs and interveners are asserting claims to the same fund in the hands of defendant, an order permitting such intervention is a matter so entirely within the discretion of the trial court that the exercise of that discretion cannot be reviewed here. Statute, *supra,* cited.

2. ACTIONS — CONSOLIDATION OF — DISCRETIONARY — REV. STATS. ARIZ. 1887, PARS. 727, 918, CONSTRUED.—Where two suits are instituted by different plaintiffs against the same defendant they are not authorized to be consolidated by the literal construction of paragraph 918, *supra,* providing for consolidation of suits "by the same plaintiff against the same defendant" or "by the same plaintiff against several defendants," but where they relate to the same subject-matter, and plaintiffs in one, on their own motion, become interveners in the other, an order directing the cases to be tried together was within the discretion conferred by paragraph 727, *supra,* which provides that "the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties the court shall order them to be brought in."

3. APPEAL AND ERROR—RECORD—REVIEW—EVIDENCE.—Where the mutilated, interlined, and disfigured transcript shows the evidence in support of the appellants' complaint to be meager, unsatisfactory, and to a considerable extent incompetent, this court will not reverse the judgment on the ground that it is not sustained by the evidence.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge.   Affirmed.

The facts are stated in the opinion.

J. M. Damron, and Joseph H. Kibbey, for Appellants.

Millay & Bennett, for Appellees.

DAVIS, J.—This is a consolidation of two separate actions originally instituted in the district court of Maricopa County, and tried therein as one cause. The London, Paris, and American Bank, Limited, et al., brought a suit (No. 2,769) against D. A. Abrams, as assignee of the Bank of Tempe, substantially alleging in their amended complaint, filed December 30, 1896, that between the seventeenth and twenty-second days of May, 1894, they intrusted to said bank for collection certain notes and claims, amounting in the aggregate to the sum of $1,326.75; that the bank collected said notes and claims, commingled the proceeds thereof with its own funds, paid out the same in the usual course of its business, and failed to pay over any part thereof to the appellants; that at the time of making said collections the Bank of Tempe was insolvent, and knew the fact, and on the twenty-third day of May, 1894, made an assignment of all its real and personal property to the said D. A. Abrams, for the benefit of its creditors; that the said Abrams qualified and took possession of the assets of the bank, which consisted of $53.15 in cash and other personal property; that the said assignee has converted the property so assigned to him into money, and now has in his hands, after paying all expenses of the administration of said trust, the sum of $1,279.76; that the claims of these appellants have been duly presented to, and allowed by, said assignee, and payment demanded, but that payment thereof has been refused; that other creditors of said assignor bank have presented claims which have been allowed amounting to the sum of $12,996.04. As further disclosed by the amended complaint, it was sought by those appellants who had joined as plaintiffs therein to have an equitable preference declared in their favor against the fund of $1,279.76 remaining in the hands of the assignee, and to obtain an order for the payment to them of said residue, to the exclusion of all other creditors of said assignor. An answer was filed in the suit by the assignee, Abrams, simply alleging that the liabilities to the general creditors of said bank yet remained unpaid, that they were necessary parties, and asking that the suit abate. There was also filed an agreed statement of facts, signed by the counsel for plaintiffs and defendant. The record shows that subsequently, on January 6, 1897, leave was granted to R. B. Curley and other general creditors, claiming to represent $6,104.04

of allowed claims, to intervene in said suit, and on January 8, 1897, their complaint in intervention was filed, in which they specifically deny all those facts alleged in the amended complaint upon which the plaintiffs rely for preference over the general creditors, deny that the fund in the hands of the assignee is impressed with any trust in favor of plaintiffs, and allege that the statement of facts was executed without their consent and against their interest, and that the same is untrue. There is a further averment that the assignee has been acting as such for the period of two years and eight months, during which time he has made no report whatever to the court; and the interveners ask that the assignee be required to make a full report of his administration of said trust, and, upon approval thereof, that he be ordered to distribute all funds remaining in his hands equally among all creditors, in proportion to their several claims. A demurrer and motion to this intervention were respectively overruled and denied. On January 9, 1897, the New York Life Insurance Company also commenced an action (No. 2,783) against D. A. Abrams, as assignee of the Bank of Tempe; its complaint making all necessary and formal averments, and charging that at the said company's request the said bank had on May 15, 1894, collected for it the sum of $345.50, and failed to remit the same, and asking that said assignee be required to pay said amount out of the assets remaining in his hands. On the same day the assignee, Abrams, filed an answer to this complaint, admitting the allegations thereof, but alleging and setting forth in detail all other claims which had been presented to and allowed by him, that he was in doubt as to the manner in which he should distribute the assets of the insolvent bank, and asking the direction of the court therein. The record shows that on January 15, 1897, the London, Paris, and American Bank, Limited, and others (being the parties plaintiff in case No. 2,769) filed a motion in case No. 2,783, representing that they had an interest in the subject-matter of the latter action, and invoking permission to intervene and make a defense therein; that on January 25, 1897, the motion was allowed and said leave granted; and that on January 30, 1897, the said parties filed an answer in said case No. 2,783. The record further shows that by order of the court, made January 25, 1897, said causes Nos. 2,769 and

2,783 were directed to be consolidated and tried together; that they were so tried and submitted to the court on April 3, 1897, without the intervention of a jury, whereupon the court found that the plaintiffs in the said consolidated causes were not entitled to any preference over the interveners, the general creditors of the Bank of Tempe, nor over each other, and rendered judgment that the assignee make a complete report of his administration of said trust, and, upon the approval of his report by the court, that he distribute the funds remaining in his hands, *pro rata*, among all creditors of said bank, without any preference. From this judgment the plaintiffs in said consolidated causes are the appellants.

The questions presented by the record for our consideration are three: 1. Did the court err in permitting the general creditors to intervene in case No. 2,769? 2. Did the court err in its order directing that the two cases be consolidated and tried together? 3. Is the judgment sustained by the evidence?

Upon the first proposition we think there is manifestly but little ground for controversy. The Territorial Code of Civil Procedure provides that "any person who has an interest in the subject-matter of the suit which can be affected by the judgment may, on leave of the court or judge, intervene in such suit or proceeding at any time before the trial." Rev. Stats., par. 656. The plaintiffs and interveners were asserting claim to the same fund, and the matter was so entirely within the discretion of the court that the exercise of that discretion cannot be reviewed here.

The second question, we think, also involves a matter largely of the court's discretion. The two actions, it is true, are not such as are authorized to be consolidated, by the literal construction of paragraph 918 of the Revised Statutes. They are not suits "by the same plaintiff against the same defendant" nor "by the same plaintiff against several defendants." They are cases, however, which relate to the same subject-matter, and before trial, as the record shows, the plaintiffs in the one, upon their own motion, became interveners in the other. We consider that the order directing the cases to be tried together was fairly within the discretion conferred by paragraph 727 of the Revised Statutes, which provides that "the court may determine any controversy be-

tween parties before it, when it can be done without preju-
dice to the rights of others or by saving their rights; but
when a complete determination of the controversy cannot be
had without the presence of other parties, the court shall
order them to be brought in.''

In the final proposition we can see no ground for reversal.
An examination of the mutilated, interlined, and disfigured
transcript shows the evidence in support of the material alle-
gations of the appellants' complaints to be meager, unsatis-
factory, and to a considerable extent incompetent. It may
reasonably be questioned whether there is any proof what-
ever that the Bank of Tempe received these claims for col-
lection, or that it made the collection thereof, or that the
proceeds, if collected, were ever placed with the other funds
of the bank. There is no testimony covering these points
from any person who transmitted the claims or from any
officer or employee of the bank. Only two witnesses were
examined on the trial,—the assignee and his clerk. The
former's testimony was limited to a statement that the latter
had been attending to the details of the management of the
property and assets of the bank. The testimony of the clerk,
in so far as it related to material points, was vague, indefinite,
and based solely upon entries found in books from the bank
which had come into the assignee's possession. In this state
of the evidence, we cannot say that the judgment is not sus-
tained. We find no error in the record, and the judgment is
affirmed.

Street, C. J., Sloan, J., and Doan, J., concur.