[Civil No. 670.  Filed June 2, 1899.]

[57 Pac. 610.]

EVERETT SPICER, Plaintiff and Appellant, v. JAMES T. SIMMS et al., Defendants and Appellees.

1. APPEAL AND ERROR—APPEALABLE ORDERS—FINAL JUDGMENT—REV. STATS. ARIZ, 1887, PARS. 593, 846, CONSTRUED—HISTORY CO. v. DOUGHERTY, 3 ARIZ. 387, 29 PAC. 649, AND BOGAN v. PIGNATARO, 3 ARIZ. 383, 29 PAC. 652, CITED—CANADA DEL ORO MINES v. COLLINS, 4 ARIZ. 163, 36 PAC. 33, LIMITED.—Paragraph 593, *supra*, giving the supreme court jurisdiction to review on appeal an order granting or refusing a new trial, and similar orders, is to be construed *in pari materia* with paragraph 846, *supra*, providing that an appeal or writ of error may be taken from any final judgment in civil cases. Therefore, the only appeal allowed is from a final judgment, and no order of the district court, except it be in the

nature of a final judgment, is appealable. *History Co.* v. *Dougherty,* and *Bogan* v. *Pignataro, supra,* cited. *Cañada del Oro Mines* v. *Collins, supra,* limited.

2. SAME—SAME—ORDER SETTING ASIDE JUDGMENT AND GRANTING NEW TRIAL NOT APPEALABLE.—An order setting aside a judgment and granting a new trial is not such a final order as is appealable.

·3. TRIAL—MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL— POWER OF COURT TO GRANT MOTION DURING TERM WHERE MOTION IS NOT FILED DURING TIME PROVIDED BY STATUTE—REV. STATS. ARIZ. 1887, PAR. 836, CONSTRUED.—Courts possess unlimited power over their own orders and judgments during the term at which rendered, and a court has power during the term to grant a motion to set aside a judgment and grant a new trial, filed three days after the rendition of the judgment, notwithstanding paragraph 836, *supra,* provides that "all motions for new trials, in arrest of judgment or to set aside a judgment, shall be made within two days after the rendition of the verdict or judgment, if the term of court shall continue so long."

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. ·Webster Street, Judge. Dismissed.

The facts are stated in the opinion.

Hamilton & Armstrong, for Appellant.

C. F. Ainsworth, for Appellees.

DAVIS, J.—On April 2, 1898, the court below rendered a judgment and decree in this cause in favor of the appellant, the plaintiff therein. A motion for a new trial was not filed until three days thereafter. On July 2, 1898, and at the same term of the district court, the motion was granted and the judgment set aside. Subsequently, on appellees' motion, an attachment which had been issued in appellant's behalf, was dissolved. The appeal is taken from the order of the district court granting a new trial, and also from the order dissolving the attachment. Our jurisdiction to review the case is challenged on the ground that neither of these orders is appealable. The right to an appeal depends entirely upon the statute. .If the statute does not confer it, it does not exist. The appellant bases his right of appeal in this case mainly upon paragraph 593 of the Revised Statutes, which is as fol-

lows: "The supreme court shall have jurisdiction to review upon appeal, or other proceedings provided by law, (1) a judgment in an action or proceeding commenced in the district courts, when the matter in dispute exceeds two hundred dollars, or when the possession of land or tenements is in controversy, or brought into that court from another court; and to review, upon appeal from such judgment, any intermediate order involving the merits and necessarily affecting the judgment; (2) an order, granting or refusing a new trial, sustaining or overruling a demurrer, or affecting a substantial right in an action or proceeding." This provision of the statute is contained under title 14 ("Courts of Justice and Judicial Officers"). It relates to the jurisdiction of the supreme court, and to the matters which are reviewable by that tribunal when brought to it in the manner provided by law. The method of taking cases to the supreme court is prescribed in chapter 20, title 15 ("Civil Procedure"), and the acts of the seventeenth and nineteenth legislative assemblies amendatory thereof. This chapter begins with paragraph 846, which is as follows: "An appeal or writ of error may be taken to the supreme court from any final judgment of the district court rendered in civil cases." Concerning the mode of perfecting an appeal, paragraph 849 provides: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment is rendered by the appellants giving notice of appeal," etc. By paragraph 875 it is required that "the transcript shall in all cases contain a copy of the final judgment, notice of appeal," etc. Neither in this chapter nor in the amendments is there any provision authorizing an appeal to the supreme court except from a final judgment of the district court. In *History Co.* v. *Dougherty,* 3 Ariz. 387, 29 Pac. 649, the court construed paragraphs 593 and 846 *in pari materia,* as follows: "Our construction of the statute on the subject of appeals, then, is that an appeal from the final judgment of the district court in all civil cases is allowed; that, upon such appeal from a final judgment, this court may review any intermediate order involving the merits, and necessarily affecting the judgment,—orders granting or refusing new trials, sustaining or overruling demurrers, or affecting any substantial rights of the parties,—and may render such judgment or make such

order therein as may be proper to save the rights of the parties." In Bogan v. Pignataro, 3 Ariz. 383, 29 Pac. 652, which was an appeal from an order of the court below dissolving a temporary restraining order, the supreme court reiterated its former holding, and said: "In the case of History Co. v. Dougherty, decided at this term, we held that this court has appellate jurisdiction in appeals from final judgments. The order here appealed from is not a final judgment; hence this court has no jurisdiction, and the appeal is dismissed." In a more recent decision the case of History Co. v. Dougherty has been disapproved, but, as examination will show, only for the purpose of placing a limitation upon the right of appeal from final judgments. Paragraph 846 was held to give the right of appeal only in cases within the jurisdiction of the supreme court, and an appeal was dismissed by the court because the amount in dispute, as shown by the judgment, was not within its jurisdiction. Cañada del Oro Mines v. Collins, 4 Ariz. 163, 36 Pac. 33. Upon a full consideration of our statutes on the subject, we are led to the conclusion that the only appeal which they contemplate is from a final judgment, and that no order of the district court is appealable, except it be in the nature of a final judgment.

The question then remaining to be considered is whether or not the order setting aside the judgment and granting a new trial is a final judgment, for the determination of this point will also be decisive of our right to review the court's action in dissolving the attachment. If the court had no power to make the order at the time it was made, the judgment rendered would be void, and an appeal would lie to review it. Trullenger v. Todd, 5 Or. 36; Deering v. Creighton, 26 Or. 556, 38 Pac. 710. Mr. Chief Justice Fuller, in Hume v. Bowie, 148 U. S. 245, 13 Sup. Ct. 582, in commenting upon an order of the court vacating a judgment, said: "The question involved is one of power; for, if the court had power to make the order when it was made, then it was not a final judgment, as it merely vacated the former judgment for the purpose of a new trial upon the merits of the original action. If the court had no jurisdiction over that judgment, the order would be an order in a new proceeding, and in that view final and reviewable." It is contended by counsel for the appellant in this case that the court below was

without power to set aside its judgment and grant a new trial upon a motion that was filed three days after the rendition of the judgment.  Our statute provides, it is true, that "all motions for new trials, in arrest of judgment or to set aside a judgment, shall be made within two days after the rendition of the verdict or judgment, if the term of court shall continue so long."  Par. 836.  This statute, however, comes to us from Texas, and the supreme court of that state, passing upon a similar question, said: "It does not necessarily follow that the new trial was improperly granted because the motion for the new trial was not made until more than two days after verdict, because facts might have existed that would have made it proper for the court to grant the new trial, although the motion was not made until more than two days after verdict."  *Wells* v. *Melville,* 25 Tex. 337. And, independently of this construction, it is a rule generally recognized by appellate tribunals that courts possess an unlimited power over their own judgments and orders, in respect to their vacation and modification, until the close of the term at which they are rendered.  Freeman on Judgments, sec. 90.  We conclude, therefore, that the court below had full power to set aside its judgment and award a new trial, that the order so made was not a final judgment, that the action is still pending and undetermined in the lower court, and that this appeal should be dismissed.  The motion is accordingly granted.

Doan, J., and Sloan, J., concur.