[Civil No. 759.   Filed March 19, 1902.]

[68 Pac. 524.]

THE COBRE GRANDE COPPER COMPANY, Plaintiff and Appellee, v. WILLIAM C. GREENE et al., Defendants and Appellees. In the Matter of the Appeal of AXEL W. HALLENBORG et al., Interveners and Appellants.

1. APPEAL AND ERROR—INTERVENTION—RIGHT OF APPEAL—ONLY APPLIES TO PARTIES TO SUIT—PERSON DENIED PERMISSION TO INTERVENE NOT A PARTY—REV. STATS. ARIZ. 1887, TIT. XIV, CHAP. 2, AND TIT. XV, CHAP. 20, CONSTRUED—SPICER V. SIMMS, 6 ARIZ. 347, 57 PAC. 610, CITED.—An appeal does not lie from an order denying a motion for leave to intervene, the petitioner not being a party to the suit, as the right of appeal granted by the statutes, *supra,* extends only to parties.

2. SAME—SAME—PETITION TO INTERVENE—MERELY MOTION—DENIAL OF —NOT APPEALABLE.—The petition for leave to intervene is only a motion in the cause to which it relates, and not an independent suit which is appealable.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Appeal dismissed.

The facts are stated in the opinion.

John J. Hawkins, J. F. Wilson, and Atwater & Cruikshank, for Appellants.

That under the admitted facts in this case the petitioners were entitled to be allowed to intervene in this suit, see *Anderson* v. *Jacksonville R. Co.,* 2 Woods (U. S.) 628, Fed. Cas. No. 358; *Fidelity Trust Co.* v. *Mobile St. R. R. Co.,* 53 Fed. 850; *Bayliss* v. *La Fayette R. R. Co.,* 8 Biss. (U. S.) 193, Fed. Cas. No. 1140.

The old rule of exclusion of strangers has lost its pristine force, and the federal courts have fairly established the new rule that as far as possible all controversies relating to the subject-matter of the ownership or control of corporate properties should be determined in one action, and for that purpose intervention of strangers to the record, once grudgingly permitted, is now freely allowed and even welcomed. *Grant* v. *East and West R. Co.,* 50 Fed. 795, 1 C. C. A. 681; *Billings* v. *Aspen Mining etc. Co.,* 51 Fed. 338, 2 C. C. A. 252; *Farmers' Trust etc. Co.* v. *Toledo R. Co.,* 67 Fed. 49; *Farmers' Loan and Trust Co.* v. *Chicago and N. P. R. Co.,* 68 Fed. 412; *French* v. *Gapen,* 105 U. S. 509, 26 L. Ed. 951; *Williams* v. *Morgan,* 111 U. S. 684, 4 Sup. Ct. 638, 28 L. Ed. 559; *Tilby* v. *Hayes,* 27 Hun, 251; *Ithaca Gas-Light Co.* v. *Treman,* 30 Hun, 212.

That petitioners have the right to appeal from the order of the court denying the application to intervene, see *Farmers' Loan and Trust Co.* v. *New York etc. Ry. Co.,* 150 N. Y. 410, 55 Am. St. Rep. 689, 44 N. E. 1043, 34 L. R. A. 76; *Williams* v. *Morgan,* 111 U. S. 684, 4 Sup. Ct. 638, 28 L. Ed. 559; *Stich* v. *Dickinson,* 38 Cal. 608; *State* v. *Parish Judge,* 27 La. 184; *Hackettstown Nat. Bank* v. *Yuengling Brewing Co.,* 74 Fed. 110, 20 C. C. A. 327; *Coffee* v. *Greenfield,* 55 Cal. 382; *South Spring Co.* v. *Amador Co.,* 145 U. S. 300, 12 Sup. Ct. 921, 36 L. Ed. 712; *Gaines* v. *Relf,* 12 How. 472, 13 L. Ed. 1071; *Johnson* v. *Waters,* 111 U. S. 640, 4 Sup. Ct. 619, 28 L. Ed. 547; *Humes* v. *Scroggs,* 94 U. S. 22, 24 L. Ed. 51.

Barnes & Martin, L. H. Chalmers, Baker & Bennett, Herndon & Norris, and Robert E. Morrison, for Appellees.

That petitioners have no right of appeal, see *Ex parte Cutting,* 94 U. S. 14, 24 L. Ed. 49; *Lewis* v. *Baltimore and L. R. Co.,* 62 Fed. 218, 10 C. C. A. 446; *Smith* v. *Glasgow etc. Co.,* 74 Fed. 332, 20 C. C. A. 432; *Hamlin* v. *Toledo St. L. and*

*K. C. R. Co.*, 78 Fed. 664, 24 C. C. A. 271, 36 L. R. A. 826; *Credits Commutation Co.* v. *United States*, 91 Fed. 570, 34 C. C. A. 12.

DAVIS, J.—On the twenty-fifth day of November, 1899, the Cobre Grande Copper Company brought an action in the district court of Maricopa County against William C. Greene, George Mitchell, and the Phœnix National Bank of Phœnix, Arizona Territory, to restrain the said bank from delivering to the said Greene and Mitchell certain title deeds and papers held in escrow, relating to mining property in the republic of Mexico, the right of possession to which was then involved in litigation pending between the plaintiff and said Greene in the courts of Mexico. The plaintiff, claiming rights under a contract from Greene for the purchase of said property, and alleging that it had been prevented from complying with the conditions thereof by the wrongful and fraudulent conduct of Greene and Mitchell, also sought relief in said action to prevent the enforcement of a forfeiture of said contract. An order for injunction was issued by the judge of said court, in accordance with the prayer of the complaint. On July 21, 1900, the plaintiff filed an amended complaint in said action. Separate answers were filed by the defendants Green and Mitchell, raising issues of law and fact, upon which the parties finally went to trial on October 23, 1900. The trial continued through a number of days, and the case was fully submitted to the court for decision on November 1, 1900, when it was taken under advisement. On December 29, 1900, and before a judgment in the case had been rendered, Axel W. Hallenborg and James Shirley applied to the court by petition for leave to intervene and become parties to the suit upon the ground that they were interested therein as creditors and stockholders of the plaintiff company, and that, by a corrupt and fraudulent agreement entered into between the defendants in the suit and the officers of said company, the prosecution of the suit had been stopped, and was in danger of being abandoned. The application for leave to intervene was resisted by the plaintiff, as well as by the defendants Greene and Mitchell, upon several grounds, among which were that it came after the trial of the cause, that it was made for the purposes of delay, that it was not

predicated on facts, and that it failed to show that the petitioners had any interest in the subject-matter of the suit which could be affected by the judgment. The application was denied on February 16, 1901; the court basing its ruling upon the grounds that the petitioners were not interested in the subject-matter of the suit, and that the application for intervention came too late. The petitioners, Hallenborg and Shirley, now bring to this court such portion of the record of the case as they claim properly relates to the question of their right of intervention, and seek to have us review upon appeal the order of the district court denying their application for leave to intervene in said action.

There is objection to our consideration of the appeal, based upon the ground that the order from which it is taken is not appealable. The question of the right of appeal in this case is governed by the provisions of the Revised Statutes of 1887. These statutes contemplate an appeal from a final judgment of the district court, or from any order in the nature of a final judgment. *Spicer* v. *Simms,* 6 Ariz. 347, 57 Pac. 610. But this right of appeal is manifestly only for parties to the suit. The petitioners asked for permission to intervene and become parties, but their application was denied. Had it been granted, their *status* as parties would have been settled, and they could have appealed from any final judgment rendered against them in the case, or from an order dismissing their intervention. But they never became interveners, and their rights were not adjudicated. The effect of the trial court's order was to leave the petitioners free to assert their rights in any other appropriate form of independent proceeding. The broad field of the courts was still open to them. The petition for leave to intervene is only a motion in the cause to which it relates, and not an independent suit which is appealable. *Ex parte Cutting,* 94 U. S. 14, 24 L. Ed. 49. We are convinced that under the statute no appeal lies from an order denying an application in a pending suit to permit a person to intervene and become a party thereto.

It follows that this appeal cannot be entertained, and the motion to dismiss the same is accordingly granted.

Doan, J., and Sloan, J., concur.