[Civil No. 1292.   Filed May 27, 1913.]

[132 Pac. 434.]

JOHN H. POPE, Appellant, v. OLSEN & GRAF, a Corporation, Appellee.

1. STIPULATIONS — CONCLUSIVENESS AND EFFECT — STIPULATION AS TO HEARING MOTION FOR NEW TRIAL.—Civil Code of 1901, paragraph 1473, provides that motions for new trials may be amended at any time before finally passed upon by the court. A motion for a new trial was filed July 3d, set for hearing July 17th, and on that date continued by stipulation until July 19th, but on July 18th an amended motion was filed. *Held,* that, as the stipulation was general and was made in view of the statute allowing amendments, the filing of an amendment which related back to the date of filing the original motion did not relieve the opposing party from the stipulation.

2. NEW TRIAL—JURISDICTION OF MOTION—TIME FOR HEARING.—Under Civil Code of 1901, paragraph 1479, as amended by the Laws of 1912, chapter 21, providing that motions for new trial shall be determined within twenty days after the rendition of judgment or deemed denied unless continued by order of the court or by stipulation, where judgment was entered June 25th, the court retained jurisdiction of a motion for new trial filed July 3d, set for July 17th, and then continued by stipulation until July 19th.

3. APPEAL AND ERROR — DECISIONS REVIEWABLE — FINALITY OF DETERMINATION — ORDER GRANTING NEW TRIAL — "FINAL ORDER." — An order granting a motion for a new trial is not a "final judgment," as it leaves the rights of litigants undetermined, the case standing as though it had never been tried, and merely vacates the former judgment for the purpose of a new trial upon the merits of the original action, and in the absence of a statutory right of appeal therefrom is not appealable.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Appeal dismissed.

The facts are stated in the opinion.

Messrs. Struckmeyer & Fisher, for Appellant.

Messrs. Stanford, Walton & Townsend, and Messrs. Alexander & Christy, for Appellee.

ROSS, J.—Appellant, plaintiff below, obtained judgment against appellee, defendant below. Appellee filed its motion for a new trial, which was granted. From the order granting the new trial, this appeal is prosecuted.

Judgment was entered June 25, 1912. The motion for new trial was filed July 3, 1912. A minute order, dated July 12th, set the hearing upon the motion for new trial for July 17, 1912. The hearing was not had on that date, but was continued, as was admitted in oral argument before this court, by mutual agreement until July 19th. July 18th appellee filed an amended motion for new trial. When the matter was taken up for consideration on July 19th, appellant moved to strike the amended motion for new trial, for the reason that it was filed out of time.

Under paragraph 1473, Revised Statutes of 1901, the motion for new trial may be amended at any time before it is finally passed upon by the court, and such amendment, of course, would relate back to the date of filing original motion. The stipulation to take the motion up on the 19th of July, in legal contemplation at least, included the motion in its amended form. The stipulation was general and made in view of the statute allowing amendments. The contention of appellant, that, when appellee filed its amended motion, he was relieved from the binding effect of his stipulation is without merit. A general appearance cannot be limited to or converted into a special appearance.

We think the continuances for the hearing of the motion for new trial were well within the terms of paragraph 1479, Revised Statutes of 1901, as amended by chapter 21, First Session State Legislature (Laws 1912), and that the court retained jurisdiction of the motion.

An order granting a motion for a new trial is not a final judgment. It leaves the rights of litigants undetermined. The case stands as though it had never been tried. The order merely vacated the former judgment for the purpose of a new trial upon the merits of the original action. *Spicer* v. *Simms,* 6 Ariz. 347, 57 Pac. 610.

The right of appeal being a statutory right, and no provision appearing in our laws authorizing an appeal from an

XIV Ariz.—34

order granting a motion for new trial, the appeal herein should be dismissed. It is so ordered.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—As to validity and effect of judgments or orders *nunc pro tunc,* see note in 4 Am. St. Rep. 828.