[Civil No. 2319.  Filed May 22, 1925.]

[236 Pac. 689.]

## FRED HALLGREN, Appellant, v. SUNSET PAINT COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—APPEAL FROM ORDER OR JUDGMENT ATTEMPTED TOO LATE CANNOT BE CONSIDERED. — Under Civil Code of 1913, paragraph 1233, authorizing appeal from final judgment within six months and from any other judgment or order within 60 days after rendition, attempted appeal, taken more than six months after order or judgment quashing service of summons on foreign corporation for want of jurisdiction of its person, was too late.

2. APPEAL AND ERROR — ORDER, QUASHING SERVICE OF SUMMONS FOR LACK OF JURISDICTION OF PERSON, HELD NOT "INTERMEDIATE ORDER" REVIEWABLE ON APPEAL FROM FINAL JUDGMENT OF DISMISSAL. — Order, quashing service of summons and holding that court was without jurisdiction of person of defendant, is not intermediate order reviewable on appeal from final judgment of dismissal, under Civil Code of 1913, paragraph 1230; such order being appealable whether considered as final judgment under paragraph 1227, subdivision 1, or as in effect determining action and preventing judgment under subdivision 5.

3. APPEAL AND ERROR—"INTERMEDIATE ORDER" DEFINED.—"Intermediate order," as used in Civil Code of 1913, paragraph 1230, giving

---

1.  See 2 R. C. L. 104.
2.  See 2 R. C. L. 48.

appellate court right to review such order, is any nonappealable intermediate order involving the merits and necessarily affecting judgment.

4. APPEAL AND ERROR—ORDER, THAT CASE PREVIOUSLY DISCONTINUED BE ABATED AND DISMISSED, HELD TO HAVE EFFECT OF STRIKING IT FROM DOCKET. — Where cause had already been discontinued by order of court, subsequent order, that it should be abated and dismissed, had effect of striking it from docket, and did not render former order intermediate, within Civil Code of 1913, paragraph 1230, so as to be reviewable on appeal from order of dismissal.

5. JUDGMENT—PARTY, AGAINST WHOM CAUSE OF ACTION ON COUNTER-CLAIM WAS DECIDED, MAY NOT AFTERWARD RECOVER JUDGMENT THEREON IN SEPARATE SUIT.—Where, in action for balance due for goods, defendant confessed debt, but counterclaimed for breach of warranty and set out same cause of action by way of cross-complaint, judgment against defendant prevented subsequent recovery in separate action on same cause of action, as set up in counterclaim and cross-complaint.

See (1) 3 C. J., p. 1040.   (2) 3 C. J., p. 1046; 4 C. J., p. 680. (3) 3 C. J., p. 1046.   (4) 4 C. J., p. 682 (1926 Anno.).   (5) 34 C. J., p. 863.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Richard Lamson, Judge. Affirmed.

Mr. Robert E. Morrison, for Appellant.

Messrs. Clark & Clark, for Appellee.

ROSS, J.—In April, 1918, the Sunset Paint Company, Inc., a foreign corporation, sold some paint to Fred Hallgren and Rudolph Baehr, a partnership.

On June 7, 1920, Hallgren instituted this suit for damages for breach of warranty, and on that day caused the summons to be served upon the Sunset Paint Company, at Yavapai county, by delivering it personally to H. A. Hendrickson, its general manager and secretary-treasurer. Thereafter, in due course, the defendant company appeared specially for the pur-

5.  See 15 R. C. L. 976.
    28 Ariz.—12

pose of objecting to the jurisdiction of the court over its person, alleging, as a reason therefor, that it was a foreign corporation and had not transacted any business in the state other than to solicit, through its traveling salesmen, orders for paint, subject to approval at its home office in Los Angeles, California, or its branch office in El Paso, Texas; also that Hendrickson was present in Arizona, at the time of the attempted service of summons, as a witness in cause No. 7462, entitled, Sunset Paint Company, a Corporation, *v.* Fred Hallgren and Rudolph Baehr. Hallgren demurred to plea and also answered by denials and affirmative matter. Both the plea to the court's jurisdiction and the answer thereto were supported by affidavits.

On July 24, 1923, the court entered the following order:

"It is ordered by the court that the attempted service made on the defendant herein be quashed and held for naught, and it is ordered, adjudged, and decreed that the superior court of Yavapai county, Arizona, has no jurisdiction of the person of the defendant."

After the entry of the above order, the case remained upon the court's docket without further to-do, until on January 26, 1924, when the court ordered that the cause be "abated and dismissed." This last order was called forth by reason of a motion of. the attorneys for the Sunset Paint Company, wherein they recite that they appear specially for the purpose of objecting to the jurisdiction of the court, and to move the dismissal of the cause, and for no other purpose, the grounds of the motion being (1) that the service of June 7th was duly quashed on July 24, 1923, and (2) that more than one year had transpired from filing of action without defendant being served with summons, as required by paragraph 460, Civil Code 1913. The plaintiff Hallgren has appealed from

the order of dismissal, dated January 26, 1924, and "all final orders in said cause."

The first assignment of error is directed to the order of the court of July 24, 1923, quashing the service of summons and holding it was without jurisdiction of the person of the defendant. This presents the question whether such order is reviewable on this appeal. It was made more than six months before the appeal was taken. The statutes authorize an appeal from a final judgment within six months of its rendition, and from any other judgment or order within sixty days after it is made. Paragraph 1233, Civil Code. The attempted appeal from the order or judgment of July 24th was therefore too late, and the assignment based thereon cannot be considered. Nor is said order an intermediate order as that it can be noticed on appeal from the final judgment of dismissal. "Intermediate order," as employed in paragraph 1230 of the Civil Code, has been defined as "any [nonappealable] intermediate order involving the merits and necessarily affecting the judgment." *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, 130 Pac. 605. The order of July 24th was appealable, whether it be considered as a final judgment under subdivision 1, or as an order in effect determining the action and preventing judgment, as under subdivision 5 of paragraph 1227 of the Civil Code. The effect of such order was to sustain the contention of the defendant that it was not subject to be sued in the courts of Arizona, because it was a foreign corporation, and was not transacting any business in the state, and had no office therein. It was a holding that, under the showing made on the plea to the court's jurisdiction, no personal judgment could be entered against the Sunset Paint Company.

In *Wagnitz* v. *Ritter,* 31 Wash. 343, 71 Pac. 1035, the court had under consideration two orders, one of

which quashed the service of summons, and the other dismissed the action. The court said:

"The order [quashing service], therefore, had the effect of discontinuing the action. . . . But, as we have shown, the order quashing the service of the summons had the effect of discontinuing the action. It was of itself, so far as that court was concerned, a final order, which fixed and determined the rights of the parties in that court. The subsequent order of dismissal, therefore, could add nothing to its effect or finality. . . . "

It is obvious that the order of January 26, 1924, had no other effect than to strike the case from the court's docket. The cause had already been discontinued by the court's order of July 24, 1923. The order of January 26, 1924, was made aside from any right that the plaintiff Hallgren may have had; it was an effort on the part of the court to clear its docket of a matter already finally disposed of.

We will also add that it appears from the record on appeal in cause No. 7462 from the same court that the identical cause of action set out in this case was there involved and was determined against Hallgren. As disclosed by such record, some time prior to June 7, 1920, the Sunset Paint Company brought suit against Hallgren and Rudolph Baehr for a balance alleged to be due it on account of paints sold them. In such action the defendants Hallgren and Baehr confessed the debt, but counterclaimed for breach of warranty, alleging their damages at $7,915.13. They also set out the same cause of action by way of cross-complaint. The case was tried before the court upon the complaint, counterclaim, and cross-complaint, and resulted in a judgment against Hallgren and Baehr. On the same date that judgment was entered, the present suit, based upon the same cause of action as set out in cross-complaint and counterclaim, was brought by Hallgren for the identical damages of

$7,915.13.   It is too apparent that, if the cause of action relied upon by Hallgren in the present case has any merit whatever, he has had one opportunity to show it and, having failed therein, he cannot again litigate the matter in this case.

For the very obvious reasons so glaringly apparent in the record, and suggested in the course of this opinion, the judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.