[Civil No. 2320.  Filed May 22, 1925.]

[236 Pac. 691.]

L. E. HESLA and W. L. RICHARDS, Appellants, v. SUNSET PAINT COMPANY, a Corporation, Appellee.

GARNISHMENT—SURETIES ON REDELIVERY BOND PAYING JUDGMENT CANNOT BE MADE LIABLE ON GARNISHMENT IN ACTION BY ATTACHMENT DEFENDANT AGAINST JUDGMENT CREDITOR.—Sureties on redelivery bond in attachment, in which attaching creditor had judgment, are not subject to garnishment by judgment debtor in separate action against judgment creditor, and cannot resist payment on such ground.

---

See (1) 28 C. J., p. 167.

APPEAL from a judgment of the Superior Court of the County of Yavapai.  John J. Sweeney, Judge. Affirmed.

Mr. J. E. Russell, for Appellants.

Messrs. Clark & Clark, for Appellee.

---

1. Right of person to charge himself as garnishee, see notes in 31 A. L. R. 711; 55 L. R. A. 353; 34 L. R. A. (N. S.) 510.

ROSS, J.—This is a companion case to No. 2319, *Fred Hallgren* v. *Sunset Paint Co., supra,* p. 176, 236 Pac. 689. In that case we stated the issues involved and the decision reached in this case, and it is not necessary to state these things again.

The only additional thing necessary to state is that, when the Sunset Paint Company brought this suit, it caused to be issued and levied upon certain property of defendant Hallgren a writ of attachment. The attached property was thereafter returned to Hallgren, he having given the statutory redelivery bond, with appellants L. E. Hesla and W. L. Richards as sureties. Upon the trial judgment was rendered in favor of the Sunset Paint Company against Hallgren and Baehr for the sum of $1,103.68 and costs, from which judgment they have not appealed.

At the same time the court entered judgment for said amount against the sureties on redelivery bond. Thereafter, and before the judgment was collected, Hallgren instituted the suit just decided (2319), and caused a writ of garnishment to be issued and served upon the sureties Hesla and Richards. This latter suit was later dismissed, but, Hallgren, contending that the court erred in dismissing it, appealed. The sureties, Hesla and Richards, contending that if they paid the judgment they might have to pay it again if Hallgren were successful on his appeal, brought the matter to this court.

It is apparent that such reason is no reason. The bond the sureties signed did not oblige them to pay anything to Hallgren, but it did oblige them to pay the plaintiff's judgment. If somebody other than an obligor in the redelivery bond had garnished the sureties, after judgment thereon had been entered against them, there might be some reasons for taking precautionary steps to avoid double liability. When the sureties have discharged and paid the obligation of

the principals in the bond, they have fully performed the condition of their undertaking, and it would be absurd to contend that any law would require them to hand over to such obligors the penalty of the bond incurred by sureties for their sole benefit.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.