[Civil No. 2961. Filed April 1, 1931.]

[297 Pac. 868.]

G. A. HILL, Intervener-Appellant. UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Defendant, v. ALFALFA SEED AND LUMBER COMPANY, a Corporation, Plaintiff-Appellee.

Messrs. Foreman & Gray, for Appellant.

Mr. William H. Westover, for Appellee.

ROSS, J.—This appeal is from an order of the court refusing G. A. Hill's application or motion to intervene in the above-entitled action. It appears that Hill contracted to construct a school building for Somerton school district No. 11 of Yuma county, for which the district agreed to pay him $57,542.60. To secure the faithful performance of the contract and to protect the district against claims for labor done and materials furnished by third parties to go into the building, Hill, as principal, and the United States Fidelity & Guaranty Company, as surety, executed to the district a joint and several bond, conditioned to save the district harmless. The Alfalfa Seed & Lumber Company, a corporation, claiming that it had furnished Hill, at his request, material that went into the building, of the value of $31,795.47, and that it received in payment therefor only the sum of $26,309.72, brought this action against the surety company alone for the balance of $5,485.75.

Some time before the case was called for trial, Hill moved for leave to intervene. The reasons urged in his motion for intervention were that he was the principal in the bond sued on; that he had a good and meritorious defense to plaintiff's action; that his liability, if any, over to the surety company could be finally determined, and a multiplicity of suits

avoided. Attached to the motion for leave to intervene was a copy of his proposed answer to plaintiff's complaint. The substance of the defense set out in the proposed answer was that Hill and the plaintiff were associated together in obtaining said building contract, with the understanding and agreement that Hill would superintend the construction and receive as compensation therefor wages or a division of the profits; that, to that end, the plaintiff prepared the bid, upon figures and estimates of its own, made the required deposit accompanying the bid, delivered on the ground material to go into the building without orders from Hill. In other words, that the building contract was a joint venture of Hill's and the plaintiff's. It is also alleged that the plaintiff erroneously omitted from its estimates an item of 360 yards of concrete work specified in the plans, thereby entailing a loss on the contract of $5,040.

The right of intervention and the method to be pursued are governed by section 3793, Revised Code of 1928. Under such section, if a person has an interest in the subject matter of the litigation, which will be affected by the judgment, he may, on leave of the court, intervene at any time before the trial of the issues of fact.

While the intervention statutes of the states differ, there is a general concurrence in the decisions that the interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation and of such direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. This is the test adopted by this court in *Barnes* v. *Shattuck*, 13 Ariz. 338, 114 Pac. 952.

According to the proposed answer in intervention the plaintiff was not a materialman, but a silent partner or coadventurer with Hill in the building con-

tract. If that were true, plaintiff could not claim the protection of the bond, for the reason that plaintiff would not be a materialman. The bond was given to protect materialmen who furnished material to the contractor to go into the building, and not to protect the contractor for material he himself put into the building. This defense, if proven, would defeat the action against the surety.

If Hill and plaintiff were partners or joint adventurers in the contract, any loss sustained should be shared between them. Plaintiff would not be entitled to a judgment against its associate in the enterprise for the total loss.

This being the situation, it would seem the intervention should have been allowed. A judgment obtained in a suit against the surety alone might not be binding on the principal, but the latter would be at a great disadvantage when called upon to indemnify the surety for the amount of such judgment, and his defense thereto would likely not receive the same consideration as it would have received had he been joined with the surety or had he intervened and defended. Hill as principal was primarily and ultimately liable for a breach thereof and legally bound to indemnify the surety. He was vitally interested in the suit against his surety and in any judgment entered in such suit, more so than the surety because the loss ultimately is his. That the surety on a bond may know exactly its liability before discharging it, it is provided in section 3731, Revised Code of 1928, that no judgment can be entered against the surety except at the time, or before, judgment is entered against the principal, with one exception unimportant here. We have decided just recently, in *United States Fidelity & Guaranty Co.* v. *Alfalfa Seed & Lumber Company, ante,* p. 48, 297 Pac. 862, that the principal in the bond was a necessary party in a suit thereon against the surety.

Although the rule may not be a general one, we think it safe to say that, if the party seeking to intervene shows by his pleadings that he is primarily or ultimately the person liable for any judgment between the other litigants, he should be allowed to intervene. 47 C. J. 105, § 201. Under common-law principles the surety on a bond is entitled to be indemnified by his principal for any outlays legally made on account of the suretyship. Under this rule it has been held that the principal has the right to intervene in actions against his surety alone. *Nevins* v. *Fidelity & Casualty Co.*, 12 Misc. Rep. 77, 33 N. Y. Supp. 43; *Kinney* v. *Reid Ice-Cream Co.*, 57 App. Div. 206, 68 N. Y. Supp. 325; *Feinburg* v. *American Surety Co.*, 33 Misc. Rep. 458, 67 N. Y. Supp. 868; *McMillan* v. *School District No. 2*, 200 Mich. 280, 167 N. W. 48; *Empson* v. *Aetna Casualty & Surety Co.*, 71 Colo. 282, 206 Pac. 378; *Weatherly* v. *Perkins, Circuit Judge*, 194 Mich. 46, 160 N. W. 611.

The statute requires that the person who is seeking to intervene shall obtain leave of court. Because of this regulation, it is contended by plaintiff, the matter is entirely within the discretion of the court and the decision thereon is not subject to revision. The language used in *London, Paris & American Bank* v. *Abrams*, 6 Ariz. 87, 53 Pac. 588, justifies this position. That was a case where the plaintiffs and interveners were asserting claims to the same fund, and the right to intervene was so clearly and completely within the terms of the statute that it could not reasonably be questioned. In view of the situation, the court made the broad statement that "the matter was so entirely within the discretion of the court that the exercise of that discretion cannot be reviewed here." Had the right to intervene been denied, doubtless the court would have used other language, or suggested limitations upon the court's discretion. In that case the right to inter-

vene was absolute. We do not believe that this right is subject to the will of the court, but is to be given. or denied in accordance with the rules of law. If a person seeking to intervene exhibits a statutory interest as we have defined it, as we conceive it, his right is absolute. The general principle that should govern is stated in 20 Ruling Case Law, 689, section 28, as follows:

"Some decisions speak of the court having a discretion to grant or refuse an application to intervene as though the right of the intervener to be heard is not an absolute one, but is one for the refusal of which he has no remedy. This may be true in those courts which are not acting by virtue of statutory authority, but merely adopt the practice which they suppose to be sanctioned by the rules peculiar to equity jurisprudence, but where the right is granted by statute, its exercise is not dependent on the discretion of the court to which application is made. The court should grant the application if the matters shown entitle the applicant to intervene, and the application is made in due time; and the fact that the intervener has some other and adequate remedy for the protection of his property and rights is no bar to his right to intervene." See, also, *Walker* v. *Sanders*, 103 Minn. 124, 114 N. W. 649, 123 Am. St. Rep. 276, note V, at page 287.

We think that Hill, not only showed an absolute right to intervene, but that it was the duty of the court *sua sponte,* no statutory excuse appearing in the complaint for not joining him, to order him made an additional party under section 3733, Revised Code of 1928, and under the rule announced in *United States Fidelity & Guaranty Co.* v. *Alfalfa Seed & Lumber Company,* just decided.

Plaintiff contends there is no appeal from the court's order denying Hill's motion to intervene. Such, indeed, was the holding in *Cobre Grande Copper Co.* v. *Greene,* 8 Ariz. 98, 68 Pac. 524, under the then statutes on appeals. At that time it was

held an appeal could be taken "from a final judgment . . . or from any order in the nature of a final judgment" only, and was available to "parties to the suit" only. The present statutes on appeal expressly extend the right of appeal to many cases other than final judgments or final orders. Section 3659, Revised Code of 1928. Subdivision 5 of said section provides for appeal "from any order affecting a substantial right, made in any action when such order in effect determines the action and prevents judgment from which an appeal might be taken." We think the order denying intervention affected a very substantial right of Hill's. It determined the action, so far as Hill was concerned; it prevented a judgment for or against him from which an appeal could have been prosecuted.

In *Rutledge* v. *Tunno,* 63 S. C. 205, 41 S. E. 308, under a statutory provision almost identical with our subdivision 5, *supra,* the court upheld the right of an appeal from an order denying intervention, saying:

"In so far as the rights of the appellant [intervener] are involved, the order affects a substantial right, and in effect determines the action and prevents a judgment from which an appeal might be taken. The order was, therefore, appealable."

In *Hallgreen* v. *Sunset Paint Co.,* 28 Ariz. 176, 236 Pac. 689, we held that an order quashing the service of summons and holding the court was without jurisdiction was appealable under subdivision 5, *supra.*

Hill, having complied with the statute providing for intervention by moving for leave to intervene and stating the grounds thereof and filing therewith a copy of his proposed pleadings, had identified himself as a party to the suit, deeply interested in the issues involved. He was not a stranger or interloper, showing no interest in the litigation. It is provided in section 3658, Revised Code of 1928, that any party

aggrieved by a judgment or order reviewable by this court may appeal. This language is certainly broad enough to include a person whose application to intervene has been denied, especially when the application shows him to be primarily and ultimately liable for any obligation established in the action. We think a person applying to intervene, who qualifies within the statute, is, under existing law, entitled to appeal from an order denying his application, and that the rule announced in the Cobre Grande case is no longer in force in this state by reason of the change in the statutes.

The order denying the application to intervene was, under the circumstances, erroneous. The judgment is therefore reversed and the cause remanded, with directions that intervention be allowed, and that further proceedings be had in accordance with this opinion and the law.

McALISTER, C. J., and LOCKWOOD, J., concur.