[No. 6172.]

THE STATE BOARD OF AGRICULTURE V. DIMICK ET AL.

**Contractor's Bond — Conditions —** A bond given to the state board of agriculture to secure performance of a contract by the principal therein for the erection of a public building conditioned, among other things, that the contractor should "pay all bills in connection with the erection of said building," there being no provision of the contract requiring payment of the bills by the contractor, will not sustain an action by the board for the use of those who supplied materials and performed labor at the instance of the contractor.—(611)

The condition that, the bills remaining unpaid the bond shall continue in force, is without consideration.—(612)

*Appeal from Larimer District Court —* Hon. CHRISTIAN A. BENNETT, Judge.

Messrs. LEFTWICH & CROSE, for appellant.

Messrs. GARBUTT & CLAMMER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

From the judgment of dismissal of the action, entered after the court sustained defendants' demurrer to the complaint on the ground that it did not state a cause of action, the plaintiff appeals. No question was raised by special demurrer as to the capacity of the plaintiff to sue or as to a defect of parties. The sole question for consideration here is whether the complaint states a cause of action. From facts of which we have judicial knowledge and from the allegations of the complaint, it appears that The State Board of Agriculture is a body corporate, one of the state's governmental agencies, and is entrusted with the management of the agricultural college. It let a contract to W. T. Dimick to erect for it a college building, and to secure and guarantee its performance, Dimick, the contractor, with sureties, executed and delivered to the board as obligee a bond

39

in the penal sum of one thousand dollars, the condition of which is:

"If the said Walter T. Dimick shall well and truly fulfil the requirements of one certain contract entered into the 9th day of June, 1905, for the erection and completion of an implement building for the said The State Agricultural Board and shall pay all bills in connection with the erection of said building, then this bond shall be null and void; otherwise it shall remain in full force and effect."

Dimick completed the building in accordance with the plans and specifications, but did not pay all bills which he incurred in its erection, those unpaid for material and labor amounting to more than the penalty of the bond. Upon such ascertainment and after unsuccessfully demanding payment thereof from the sureties, the board authorized the holders of this indebtedness to bring this action, in its name, for their use and benefit, to recover the penalty of the bond. From these facts must be determined the sufficiency of the complaint.

That pleading does not set out the contract further than that a building was to be erected in accordance with certain plans and specifications. There is no averment therein that the bond was given for the benefit of those who should furnish materials for, or do labor upon, the building; but the allegation in that behalf is that the bond was given to secure and guarantee the performance of the contract. The condition of the bond itself, as will appear from the above quoted language, was for the payment of all bills in connection with the erection of the building; but, so far as appears from the complaint, there was no provision of the contract by which the contractor agreed to pay such bills. The theory of the plaintiff is, since, under the law of this state, public buildings are immune from liens for labor or material, and the

mechanics' lien act is not in any way applicable to them, that the evident intention of the state board in requiring this bond of the contractor, and his intention in giving it, was not for the benefit of the board itself, but directly for the benefit of material men and laborers, and that if the condition of the bond with reference to the payment of such bills was not observed, they might bring this action in the name of the board to enforce it. On the contrary the defendants' claim, *inter alia,* is that in the absence from the complaint of an allegation that the contract contained a provision imposing on the contractor the duty to pay such bills, or a covenant by him to pay them, the mere recital in the bond as to their payment as one of its conditions will not bind the sureties to pay them. In other words, although it be within the power of the state board to insert in the contract a covenant by the contractor to pay these bills and to exact this bond, still, unless in the building contract itself the contractor agrees to pay them, the giving of a bond, one of whose conditions requires their payment, will not be construed into a promise to pay. In *City and County of Denver v. Hindry,* 40 Colo. 42; *The International Trust Company v. Keefe Manufacturing and Investment Company,* 40 Colo. 440, it was held to be within the power, and a duty, of the public authorities in a case like the present, to require of a contractor that he agree, in his building contract, to pay material and labor bills. With the reasons for such holding we are not now concerned. The decisions referred to have established the law in this jurisdiction. If a fair construction of the complaint shows that the state board and the contractor intended the bond to be for the benefit of labor and material men, we must hold the complaint good. There is no allegation, as we have said, that such was the intention. On the contrary, the express allegation is that it was

given to secure the performance of the contract. There being no allegation in the complaint that the contract required the contractor to pay for labor done upon or material that entered into the construction of the building, a bond to secure the performance of that contract could not be construed to extend to labor and material men, but is limited to the performance of the contract. The condition of the bond that such bills are to be paid, otherwise the bond should be in force, must, in the absence of an agreement by the contractor to pay them, be considered a promise without consideration. A number of authorities are cited *pro* and *con*. Among others the plaintiff has cited *Baker & Co. et al. v. Bryan et al.*, 64 Iowa 561; *Lyman v. City of Lincoln et al.*, 38 Neb. 794; *Buffalo Forge Co. v. Cullen, etc., Co.*, 105 Mo. App. 484. Defendant cites *Jefferson v. Asch*, 53 Minn. 446, reported with annotations in 25 L. R. A. 257; *Vrooman v. Turner*, 69 N. Y. 280; *Green Bay Lumber Co. v. School Dist.*, 121 Iowa 664; *Montgomery v. Spencer*, 50 Pac. (Utah) 623. Many other authorities will be found in the opinions in these cases. An examination of the cases on this subject discloses, as said by the supreme court of Utah in *Montgomery v. Spencer*, that generally there must be an express covenant that a contractor should pay the claims of those not immediate parties to a contract to entitle them to sue to enforce the penalty of a bond which is given to secure its performance. Since the complaint fails to allege that some provision of his contract with the state board required the builder to pay material men and laborers, we must hold that the latter are not entitled to sue upon the guaranty bond as one given for their benefit. The distinction we have pointed out is well illustrated in the later Iowa cases. We have found no well considered case where a guaranty bond is held to be for the benefit of those who are not parties

to a contract performance of which the bond secures, in the absence from the contract either of an express agreement of the contractor to pay to such third persons for material or labor, or of such words as require of him, before final payment, the production of a receipt showing that no liens or claims therefor are in existence, or the production of receipts showing the payment of such bills, or some similar provision which the courts hold equivalent to an express contract to pay them.

The judgment of the court below, being in accord with our views, is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.