[No. 6402.]

### COVEY ET AL. v. SCHIESSWOHL.

1. **Principal and Surety — Construction of Contract —** The maxim that the liability of the surety is strictissimi juris means no more than that when the liability of the surety under the contract is judicially ascertained, by the same rules which control the construction of other contracts, such liability is not to be extended beyond its strict meaning.—(69)

2. ——**Contracts—Construction—Writing referred to, in a** bond of indemnity—the pertinent points of the writing are made part of the bond. Where the bond is to secure performance of a contract for the erection of a house, and expressly refers to such contract, and the contract provides that final payment is to be made, "upon contractor's giving receipted bills for all labor and material, in full," the sureties are liable for moneys necessarily expended by the owner to discharge liens asserted for material purchased and labor employed by the contractor, for which he had failed to pay.—(70)

*Appeal from Mesa District Court*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. WHEELER & WEISER for appellants.

Messrs. McMULLIN & STERNBERG and Mr. CHARLES R. BROCK for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

The action is by the owner of a building to recover for a breach by the sureties of a guaranty or indemnity bond, given to the owner by the contractor, to secure the latter's performance of a building contract. The defendant sureties' demurrer to the complaint, on the ground that it did not state a cause of action against them, was overruled. They elected to stand thereby, and judgment went for plaintiff.

Defendants rely upon the general maxim that upon a bond of indemnity or guaranty the liability of the surety is *strictissimi juris*. Such is the statement often found in the books. This does not, how-

ever, mean that rules of construction of such a contract are different from those applicable to written instruments generally. What is meant by the maxim is, that when the meaning of a contract of indemnity or guaranty has once been judicially determined under the rule of reasonable construction applicable to all written contracts, then the liability of the surety, under his contract, as thus interpreted or construed, is not to be extended beyond its strict meaning.— *People ex rel. v. Beach,* 49 Colo. 516. Applying these rules, let us test the sufficiency of the complaint.

The condition of the bond, as copied into the complaint is: "The condition of the above obligation is such, that, whereas the * * * principal, did * * * enter into a contract in writing with the said J. H. Schiesswohl, concerning the erection and construction of a certain building * * * in accordance with certain plans and specifications * * * Now, therefore, if the * * * principal * * * shall well and faithfully keep and perform all the obligations of said contract, on his part to be performed; then this obligation shall be null and void, otherwise to be and remain in full force, virtue and effect." This reference in the bond to the contract makes the pertinent points of the latter a part of the bond. Recourse to the contract may, therefore, be had to see what obligations the contract imposes upon the builder. The entire contract is set out in the complaint, and among its provisions is the requirement that the builder shall "furnish all labor and materials." The clause as to payments reads: "Payments to be made as follows: One-half when building is closed and one-half when building is completed, upon contractor giving receipted bills for all labor and material in full."

The complaint alleges in substance that the builder did not pay all the bills for labor and ma-

terial, but, on the contrary, that workmen and material men were not paid and, to secure themselves, filed, in the amount of their respective claims, liens against the structure and the lot, with the result that plaintiff was obliged to pay the claims to free his property from the liens thus perfected.

The position of defendant sureties is that the provision in the contract that the builder ''shall furnish all labor and materials'' is not expressly, or by implication, an agreement to pay therefor.  It is not necessary in this case to decide the point.  Decisions are cited by both parties upholding their respective contentions: by the plaintiff that such language necessarily imports a promise to pay; by defendants that it does not carry that meaning.  Some of the authorities cited by defendant are: *Dunlap v. Eden*, 44 N. W. 560; *City of Sterling v. Wolf*, 163 Ill. 467; *Gato v. Warrington*, 19 Southern 883; by plaintiff, *Johnson v. Eaton Co.*, 18 Colo. 331; *People v. Clough*, 16 Col. App. 120; *American Bonding Co. v. Pueblo Investment Co.*, 150 Fed. Rep. 17; *Hughes v. Gibson*, 15 Col. App. 318; *State v. Tiedemann*, 69 Mo. 515; *Watson v. O'Neill*, 14 Mont. 197.

The principle of the decision in *State Board of Agriculture v. Dimick*, 46 Colo. 609, at page 613, clearly makes the sureties in this case liable.  There the sureties were held not liable because there was no provision of the contract to secure whose performance the bond was given, either expressly or by implication, requiring the contractor to pay third persons for material and labor which they had furnished to him and that went into the building.  But it was clearly indicated that where there is in a building contract such words as are present in this one, that payments are to be made only when the contractor furnishes receipted bills for all labor and material in full, they are equivalent to an express contract on the part of

the contractor to pay for all labor and material that goes into the building. Applying the rule to this case, we must hold the sureties liable, because, by their contract, they covenanted that their principal would perform the building contract in its entirety. This contract, as we have seen, made it necessary for the builder, in performing his building contract, to pay for all labor and materials that went into the construction of the building. The judgment of the court being in accordance with our views, it is affirmed.                                    *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.