No. 10,003.

EMPSON v. THE AETNA CASUALTY & SURETY CO., ET AL.

Decided April 3, 1922. Rehearing denied May 1, 1922.

Action on bond. Judgment for defendant.

*Affirmed.*

*On Petition for Rehearing.*

1. APPEAL AND ERROR—*Questions not raised below.* Error based upon

proceedings to which no objection was made in the court below, will not be considered on review.

2. BOND—*Liability of Surety.* A surety cannot be bound on a contract radically different from that, to secure the execution of which, it has executed a bond, where the new contract is made without its knowledge or consent.

3. APPEAL AND ERROR—*Conflicting Evidence.* A verdict on conflicting evidence is conclusive on review.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. ROBERT G. BOSWORTH, for plaintiff in error.

Messrs. RINN & ARCHIBALD, Messrs. SMITH, BROCK & FERGUSON, Mr. JOHN P. AKOLT, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought suit against defendant in error, The Aetna Casualty and Surety Company, on a bond in which the interveners were principals, given to secure the performance of a construction contract between the interveners and the plaintiff in error. By this contract the interveners were engaged to construct an irrigation ditch for the plaintiff in error. It was to be constructed according to attached specifications and under the supervision of an engineer, who was, as is usual in such contracts, made the umpire in case of any dispute as to the work, and the judge as to the quality and quantity of work done under the contract.

Before the work had progressed very far the interveners, as they allege because of the difficulty of obtaining workmen during the late war, thought best to turn the work over to plaintiff to complete; and upon consultation with the engineer in charge, and with his advice, prepared a notice to the plaintiff to that effect, which was duly sent to him.

Thereupon the engineer served upon the contractors and

upon the Surety Company, a notice that unless the work were speeded up within five days, and performed in accordance with the contract, he would take such action as under the contract he might deem necessary on behalf of Empson; all as provided by the contract.

Thereafter, Empson with the written consent of the interveners, entered into a contract with one Mason to complete a part of said ditch on substantially the terms of the original contract. About this time a contract was made with one Walker to complete the other part of the ditch, the men employed to be paid by the day, provision being made for paying him for superintendence, for the use of teams, equipment, etc. This action is to recover from the surety on the bond the excess cost on the Walker contract above the cost, as per the original contract. The cost of the part of the ditch constructed by Walker was $5600 in excess of the contract price for the whole work.

The interveners alleged in their petition, not only that they were interested as principals on the bond, and liable over to the surety in case of judgment against it, but that, in consideration of their turning over the work to the plaintiff for completion, he had promised that they should receive a named sum for the work they had already done.

At the close of the plaintiff's case, a motion for a non-suit in favor of the defendant surety company was sustained, and the case proceeded to verdict on the petition and answer in intervention. The interveners had judgment for a part of the sum they claimed, and plaintiff brings error.

Counsel for plaintiff in error contend that the court erred in allowing the contractors to intervene, but as an answer was filed to the petition, and no objection appears to have been made in the trial court, we do not consider this question. We may say, however, that from the allegations of the petition, and the facts as they appear in the record, the intervention was entirely proper.

Which of the several grounds set out in the motion for a non-suit the court acted upon, does not appear; but one

of said grounds is manifestly sufficient to support the ruling. As above stated, the engineer in charge of the work was given broad authority in regard to it, and the contract provided, among other things, that in case of a default by the contractors in the performance of their agreement, the engineer, after due notice given the contractors, should have full power to employ, or to direct the employment of, such force of men, teams, appliances, etc., as he might deem necessary to complete the work satisfactorily within the time specified; and to pay all persons so employed and expenses incurred, deducting the amount so paid from any sum due or to become due to the contractors.

The contract with Walker, to which it does not appear that the interveners consented, ignored this provision of the contract, and, in terms, put Walker in full charge of the work, giving him a per diem, and his foreman a monthly wage, with no reference whatever to an engineer. It should be said here that Walker was not an engineer. The evidence shows that the engineer had, in fact, no supervision of the work, and paid no attention to it until called upon to make the final estimate of work done. In such contracts it is common to make the engineer in charge of the work an arbiter between the parties, and it may reasonably be presumed that the contractors consented to this part of the contract in reliance upon the technical skill of engineers, as a class, and upon the further fact that an engineer in charge of the work would ordinarily have no pecuniary interest in having it prolonged, or done at an unfair rate. To put the work in charge of one who profited by every delay in its completion, and with no limit of time or cost, was a thing very far from that to which the contractors had agreed. The surety must be supposed to have been moved by the same consideration as those which moved the contractors in the matter above mentioned; and it cannot be bound as surety on a contract radically different from that which it executed. Though defendant is a surety for hire, it is entitled to have its contracts construed according to the plain meaning of their terms. Moreover, the

surety is not shown to have had notice of the making of the Walker contract, and so far as appears, no opportunity was given it to make objection to it.

We find nothing in the record to justify counsel's statement that the Surety Company was aware of all that was done under the Walker contract. Upon the facts in evidence a non-suit was proper.

After the entry of the order of non-suit, plaintiff made no objection to the trial of the issue made by the petition in intervention and the answer thereto. A great part of the briefs is devoted to the discussion of the intervention, but for the reasons above mentioned, we are not called upon to consider that question.

Upon the question of an agreement by plaintiff to pay interveners for the work already done, as well as upon questions growing out of the Walker contract, there is a strong conflict of evidence. Whether the jury found for the interveners upon the ground that a promise of payment had been made, as alleged in the petition, or upon the ground that the work done by Walker should have been done at a cost which would have left the interveners a profit, cannot be determined. In any event, we are concluded by the verdict.

The errors assigned on the giving and the refusing of instructions not having been argued, will not be considered.

As the record discloses no reversible error, the judgment is affirmed.

MR. JUSTICE DENISON dissents.

MR. CHIEF JUSTICE SCOTT not participating.