## No. 10,839.

### PEOPLE, FOR THE USE OF WESTERN ACCEPTANCE CO. v. SOUTHERN SURETY CO.

Decided July 7, 1924.　Rehearing Denied November 10, 1924.

Action on bond.　Judgment of dismissal.

### *Affirmed.*

1. PRINCIPAL AND SURETY—*Bond—Highway Construction.* Loss of money loaned to a contractor on highway construction, held not to be within the terms of a bond insuring against loss arising out of the performance of the contract.

2. *Surety for Compensation.* The rule that a surety for compensation is not a favorite of the law and is not entitled to a strict construction of the bond, has no application where the bond is only capable of one reasonable interpretation.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. RUSSELL W. FLEMING, Attorney General, Mr. CHARLES ROACH, Deputy, Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Mr. W. E. CLARK, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THIS cause is before us on error to a judgment for the defendant in an action in the name of the people for the use of the Western Acceptance Company v. the defendant in error. The action was upon a bond given to the people of the state of Colorado, in which the Colorado Contracting Company was principal, and the defendant in error, surety. The principal on the bond had entered into a contract with the state highway commission for the construction of some road, and the bond was given to secure the due performance of that contract. The bond recites that it is conditioned that the principal, the contractor, will— "at all times well and faithfully discharge his duties under said contract and shall and will perform all the obligations thereof, and shall and will indemnify and save harmless the State of Colorado, and all persons whomsoever from any and all damage or loss which the said State of Colorado or any other persons whomsoever may or shall suffer by reason of the default of the contractor in the performance of this contract, or by reason of any neglect or carelessness, act or omission on the part of said contractor, his agents, servants or employes, or any of them, in the performance of this contract, and shall and will indemnify and save harmless the employes, laborers, material men, and all holders of just claims against the said principal, arising out of the performance of this contract, against the failure of the said principal to pay them all sums due them,

and shall and will indemnify and save harmless the said State of Colorado to the extent of any and all payments in connection with the carrying out of said contract which the said principal may be required to make under the law, and shall and will in all respects keep and comply with the provisions of the law of said State protecting and securing the claims of laborers, subcontractors and material men, and save said State of Colorado harmless therefrom."

The defendant in the suit filed a demurrer to the complaint denying the legal capacity of the plaintiff to sue, asserting that the suit could be brought only by the state highway commission; and second, that the complaint did not state a cause of action; and third, that there was a defect of parties defendant in that the principal on the bond is not made a party. The court overruled the first and third grounds of demurrer and sustained the demurrer as to the second ground, that is, that the complaint did not state a cause of action. The plaintiff declined to plead further, and judgment was entered for defendant.

The defendant in error has assigned cross errors on the overruling of the demurrer on the first and third grounds. In the view that we take of the case it will be unnecessary to consider those assignments. The theory of the plaintiff is that it is entitled to recover under that part of the condition in the bond by which the surety company indemnifies "all holders of just claims against the said principal, arising out of the performance of this contract, against the failure of the said principal to pay them all sums due them."

We cannot agree with this contention. The surety company entered into this obligation with regard to the ordinary matters which concerned, or were connected with the performance of the contract. The bond is to secure the performance of the contract, and not the performance of any duties outside the contract, though incidentally connected with it. The borrowing of money to carry out the contract is not a matter which it can be assumed the parties had in contemplation in the execution of the instrument. The recitals in the bond all show that the indemnity

was in favor of the persons who had claims against the principal arising out of the performance of the contract, that is, out of the doing of the work which the contracting company had agreed to do. Any general words, such as "all holders of just claims against the said principal" are limited not only by the specifications of the preceding language which form a class of beneficiaries, but by the words following "arising out of the performance of this contract." We are unable to agree that any loss suffered by one who loans money to a contractor is a loss arising out of the performance or the nonperformance of such contract. The defendant's obligation does not, by its terms, when properly interpreted, include the claim which the Acceptance Company has made.

In *Empson v. Aetna Co.,* 71 Colo. 282, 206 Pac. 378, we said: "The surety must be supposed to have been moved by the same consideration as those which moved the contractors in the matter above mentioned; and it cannot be bound as surety on a contract radically different from that which it executed."

In thus holding we are not in any sense departing from the rule that a surety for compensation is not a favorite of the law, and that such surety is not entitled to the application of the old rule of strict construction of the bond. We are giving to this bond what we regard as its only reasonable interpretation. In the case above cited we said: "Though defendant is a surety for hire, it is entitled to have its contracts construed according to the plain meaning of their terms."

The sustaining of the demurrer was not error and the judgment is affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.