No. 17,705.

H. W. Moore Equipment Company *v.*
American Surety Company of New York.
(292 P. [2d] 744)

Decided January 9, 1956.   Rehearing denied February 14, 1956.

Messrs. Davis & Lutz, Mr. Harold Potashnik, for plaintiff in error.

Messrs. McComb, Zarlengo & Mott, for defendant in error.

*En Banc.*

Mr. Chief Justice Alter delivered the opinion of the Court.

H. W. Moore Equipment Company brought this action against the American Surety Company of New York to recover a judgment in the sum of $6,192.57 plus interest and costs allegedly due plaintiff under a surety bond issued by defendant to Harris Constructors, Inc. Trial was had to the court which entered a judgment of dismissal. Plaintiffs are here by writ of error seeking a reversal of the judgment.

The parties will be referred to as plaintiff and defendant as those positions were held by them in the trial court.

In the complaint it is alleged that defendant executed its surety bond "wherein said defendant did agree to pay any and all obligations and indebtedness incurred by the Harris Constructors, Inc." on certain construction jobs undertaken by Harris Constructors, Inc. It is further alleged that Harris Constructors, Inc., rented and purchased certain tools and equipments from plaintiff for which there remains an unpaid balance of $6192.57.

Defendant answered and for a first defense alleged that the complaint fails to state a cause of action; for a second defense admits that it executed and delivered to Harris Constructors, Inc., surety bonds in connection with the three construction projects, and denied all other allegations of plaintiff's complaint.

The only evidence introduced at the trial of the cause was the stipulation of counsel which discloses that there

is $5595.00 remaining unpaid to plaintiff by Harris Constructors, Inc., on three separate contracts undertaken by Harris Constructors, Inc., and for which plaintiff furnished materials and equipment. Copies of defendant's surety bonds were also introduced in evidence, whereupon plaintiff rested. Defendant then moved a dismissal of plaintiff's complaint.

Under the pleadings and evidence, the only question presented by the record is the liability of defendant to plaintiff on its surety bonds.

There are, as we have said, three surety bonds, only one of which will be referred to as the terms of all are identical. The bonds provide that the Harris Constructors, Inc., are the principals; defendant is named therein as the surety, and the corporation for which the contract is to be performed by Harris Constructors, Inc., is designated as owner. The provision of the bond necessary for consideration here is: "Whereas, the Principal has, by written Agreement, dated May 20, 1954, entered into a contract with the Owner for "certain construction work a copy of which is by reference made a part hereof.

"Now, Therefore, the condition of this obligation is such, that if the Principal shall faithfully perform the contract on his part, *free and clear of all liens arising out of claims for labor and materials entering into the construction and* indemnify and save harmless the Owner from all loss, cost or damage which he may suffer by reason of the failure so to do, then this obligation shall be void; otherwise to remain in full force and effect." (Italics ours.)

The contracts between the principal and the owner were not introduced in evidence and there is no testimony as to the provisions thereof. In the brief of counsel for plaintiff we find the following statement which is wholly unsupported by the record: "During the course of the trial the plaintiff called the Court's attention to the fact that the bonds incorporated by reference the contract between the defendant and the principal

Harris Constructors, Inc. The contract was not produced in evidence, but the Court stated that because of said failure to produce the contract, that the plaintiff would not be prejudiced." It is inconceivable that the trial court would have made such a statement. The contracts themselves, or competent evidence as to their provisions were absolutely essential to any cause of action.

The court in its findings and conclusions of law and judgment made this specific reference to the failure of plaintiff to produce the contract between plaintiff and the principal in the surety bond: "The various construction contracts connected with the bonding contracts are incorporated by reference in the body of the bonding contracts, *but the construction contracts were not offered nor were they received in evidence.*" (Italics ours.)

Under the evidence here and under the law announced by this court in *State Board of Agriculture v. Dimick,* 46 Colo. 609, 105 Pac. 1114; *People v. Beach,* 49 Colo. 516, 113 Pac. 513; *United States Fidelity & Guaranty Company v. Citizens Building & Improvement Company,* 62 Colo. 440, 163 Pac. 281; *Empson v. Aetna Casualty & Surety Co.,* 71 Colo. 282, 206 Pac. 378; *Gardner Brothers and Glenn Construction Company v. American Surety Company of New York,* 95 Colo. 456, 37 P. (2d) 384, the trial court was correct in entering judgment of dismissal.

The judgment, accordingly, is affirmed.