VAUGHN EXCAVATING AND CON-STRUCTION, INC., a Colorado corporation, d/b/a Vaughn Concrete Products, Inc., Appellant (Defendant/Third–Party Plaintiff),

v.

P.S. COOK COMPANY, Appellee (Plaintiff),

and

CNA Insurance Company; American Casualty Company; CNA Surety Companies and CNA–American Casualty, Appellees (Third–Party Defendants).

No. 98–114.

Supreme Court of Wyoming.

May 26, 1999.

Don W. Riske of Riske & Arnold, Cheyenne, Wyoming, Representing Appellant.

Daniel E. White of Daniel E. White, P.C., Cheyenne, Wyoming, Representing Appellees.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

At issue in this case is whether the prime contractor and its surety are liable under a public works bond for interest, penalties and attorney's fees owed by the subcontractor to his supplier. The district court granted summary judgment to the prime contractor and the surety, finding that the statutory obligations on the bond did not include benefits on a contract to which the prime contractor was not a party. We affirm.

## I. ISSUES

Appellant, Vaughn Excavating and Construction, Inc. (Vaughn), the supplier, presents a single issue for review:

Whether a bond claimant is entitled to recover, under a public works bond, late

* Retired November 2, 1998.

payment penalties, interest and costs of collection, in addition to the agreed price for the materials supplied

Appellees, P.S. Cook Company, the prime contractor, and American Casualty Company, its surety submit three issues for review:

1. Does the record show the existence of any contract between the supplier and the subcontractor to pay attorneys' fees, credit charges or interest?

2. If so, can the supplier of a subcontractor enforce credit and collection charges in its contract with the subcontractor against the surety of the general contractor, pursuant to the public works bonding statute, even though the general contractor a) did not agree to be responsible for those charges; b) did not cause or contribute to the subcontractor's default which led to the imposition of those charges; and c) promptly made arrangements to pay the supplier its quoted price for the materials used in the project?

3. When figuring interest under the public works bonding statute, did the trial court properly apply the statutory rate of 7% per annum rather than the 2% per month rate which the supplier claims?

## II. FACTS

The prime contractor, P.S. Cook, hired Richland Construction as a subcontractor for work on two public works projects. Richland Construction defaulted on payment to its supplier, Vaughn. Vaughn then asserted a claim against P.S. Cook's payment bond for $40,370.18. The claim included a two percent per month interest rate on past due accounts and reasonable attorney's fees pursuant to a credit application completed by Richland Construction's predecessor corporation. A ten percent late payment penalty was also included, pursuant to the quotes given by Vaughn to Richland Construction for the project.

P.S. Cook did not deny that it owed the costs of the materials supplied by Vaughn nor did it maintain that Vaughn could not collect the statutory prejudgment interest on its liquidated claims. However, P.S. Cook denied that its obligations under the bond included the interest, the late penalties or the attorney's fees demanded by Vaughn. When the parties could not agree as to the amounts owed, P.S. Cook filed a declaratory judgment action for resolution of the dispute. Vaughn countered with a third-party complaint against P.S. Cook's surety, American Casualty Company.

After a hearing on the parties' cross-motions for summary judgment, the district court determined that appellees' liability under Wyo. Stat. § 16–6–112 (1997), the public works bond statute, is limited to payment for goods used in the contract and extraordinary costs incurred for supplying labor and materials. Because Vaughn's claim sought only the benefits accruing from its contract with Richland Construction, the district court granted summary judgment in favor of appellees. This timely appeal followed.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issue of material fact is present and the prevailing party is entitled to judgment as a matter of law. *Murphy v. Housel & Housel,* 955 P.2d 880, 883 (Wyo.1998); *Hermreck v. United Parcel Service, Inc.,* 938 P.2d 863, 866 (Wyo.1997); *Woodard v. Cook Ford Sales, Inc.,* 927 P.2d 1168, 1169 (Wyo. 1996). *See also* W.R.C.P. 56(c). The record must be examined from the view most favorable to the party opposing the motion, and that party must be given the benefit of all favorable inferences which may be fairly drawn from the record. *Nowotny v. L & B Contract Industries, Inc.,* 933 P.2d 452, 455 (Wyo.1997) (*quoting Thomas by Thomas v. South Cheyenne Water and Sewer Dist.,* 702 P.2d 1303, 1304 (Wyo.1985)). We make an independent examination of the record for genuine issues of material fact and review a summary judgment without according deference to the decision of the district court on any issues of law. *Murphy,* 955 P.2d at 883.

## IV. DISCUSSION

■ Vaughn's position is relatively straightforward. Since Richland Construction contracted to pay certain interest, penalties, and costs on materials supplied for a

public works project, the public works bond should cover those amounts.

> [A] surety on an official bond undertakes no liability for anything which is not within the letter of the surety * * *; the surety has consented to be bound only within the express terms of the surety contract. * * * However, it is equally true that where a surety bond is given pursuant to the requirements of a particular statute, the statutory provisions are incorporated into the bond * * *.

*Washington Intern. Ins. Co. v. Superior Court (G.K. Backlund, Inc.),* 62 Cal.App.4th 981, 73 Cal.Rptr.2d 282, 285 (1998). There is no dispute that the terms of the general contract for the project and the bond included liability for payment to Vaughn for its materials and statutory interest on that amount. The parties also agree that the express terms of the general contract and the bond do not include the interest rate, penalties, and attorney's fees demanded by Vaughn. Therefore, P.S. Cook and its surety have no obligation to pay interest and penalties unless required by statute. *SaBell's, Inc. v. City of Golden,* 832 P.2d 974, 979 (Colo.App.1991).

Wyo. Stat. § 16–6–112 provides, in relevant part:

> (a) Except as provided under W.S. 9–2–1016(b)(xviii), any contract entered into with the state, any county, city, town, school district or other political subdivision of the state for the erection, construction, alteration, repair or addition to any public building or other public structure or for any public work or improvement and the contract price exceeds seven thousand five hundred dollars ($7,500.00), shall require any contractor before beginning work under the contract to furnish the state or any political subdivision, as appropriate, a bond * * *. The bond * * * shall be:
>
> * * *
>
> (ii) For the use and benefit of any person performing any work or labor or furnishing any material or goods of any kind which were used in the execution of the contract, conditioned for the performance and completion of the contract according to its terms, compliance with

all the requirements of law and payment as due of all just claims for work or labor performed, material furnished and taxes, excises, licenses, assessments, contributions, penalties and interest accrued in the execution of the contract[.]

Vaughn maintains that the terms of its agreement with Richland Construction is a "just claim" for "penalties and interest accrued in the execution of the contract" under Wyo. Stat. § 16–6–112(a)(ii). P.S. Cook counters that these amounts were not accrued in the execution of its contract on the project, but are benefits for Vaughn which accrued in the execution of its contract with Richland Construction.

The question is whether the statute demonstrates a legislative intent to hold the prime contractor and its surety liable for the contractual penalties imbedded in the agreement between Vaughn and Richland Construction. Vaughn urges us to follow precedent allowing such claims under the federal counterpart to our statute, the Miller Act, 40 U.S.C. § 270a *et seq.* Our previous construction of the Wyoming statute, however, has departed from the interpretation given the Miller Act by the federal courts. Under our Wyoming statute, we do not require privity of contract as do the federal courts, thus allowing a broader range of potential claimants. *D & L Bldg., Inc. v. State for Use and Benefit of Maltby Tank & Barge, Inc.,* 747 P.2d 517, 519 (Wyo.1987). Therefore, the scope of liability under the Wyoming public works bond statute is necessarily considered in light of the expanded availability of its protections.

" 'It is the duty of the courts when construing legislation to attempt to effectuate the purposes and intent of the legislature.' " *Matter of Estate of Zelikovitz,* 923 P.2d 740, 744 (Wyo.1996) (*quoting State ex rel. Albany County Weed and Pest Dist. v. Board of County Com'rs of Albany County,* 592 P.2d 1154, 1158 (Wyo.1979)). The purpose of the public works bonding statute is "to provide for payment of the labor and material, furnished in connection with contracts entered into pursuant to such statutes * * *." *Franzen v. Southern Surety Co.,* 35 Wyo. 15, 27, 246 P. 30, 33 (1926). As early as 1926, we

recognized that there are limits to the liability of a surety under a public works bond. *Franzen,* 246 P. at 34; *see also Colorado Builders' Supply Co. v. National Fire Ins. Co.,* 423 P.2d 79, 81 (Wyo.1967). Thus, while we have expanded the protection of the bonding statute to include those not in privity with the contractor, we have also limited the liability for payment under the statute to those things which were "clearly contemplated when the bond was executed." *Franzen,* 246 P. at 38.

The payment for penalties, interest, and attorney's fees in excess of the contract between P.S. Cook and the public agency were not those things which were "clearly contemplated when the bond was executed." *Id.* As noted by the district court, the statute repeatedly refers to the contract which governs the public project, not the contracts of the individual subcontractors. Neither P.S. Cook nor its surety were parties to the agreement between Richland Construction and Vaughn and neither had control over the terms of that agreement. The excess amount demanded by Vaughn may be essential terms of the contract between Vaughn and Richland Construction, but are merely incidental to the contract protected by the public works bond.

 " 'The bond is to secure the performance of the contract, and not the performance of any duties outside the contract, though incidentally connected with it.' " *Franzen,* 246 P. at 35 (*quoting People v. Southern Sur. Co.,* 76 Colo. 141, 230 P. 397, 398 (1924)). When request for payment was made to P.S. Cook, the only barrier to immediate payment was Vaughn's insistence on an amount including the added interest, penalties and costs. Thus, this case does not involve any damage to Vaughn caused by P.S. Cook's failure to pay. Similarly, Vaughn incurred no obligation for interest or penalties in the performance of supplying goods for the general contract. *See Sunderland v. Vertex Associates, Inc.,* 199 Ga.App. 278, 404 S.E.2d 574, 577 (1991) (sub-subcontractor entitled to pursue recovery for amount for which he obligated himself while performing under the contract). Instead, Vaughn is seeking amounts by which it will

benefit pursuant to its agreement with Richland Construction. This is not the purpose of the bonding statute. The purpose is to fully compensate Vaughn for its contribution to the public project; a purpose clearly fulfilled when Vaughn was paid its quoted price for the goods and materials furnished plus statutory interest. As to the penalties at issue in this case, Vaughn must look to Richland Construction to enforce the terms of their contract.

## V. CONCLUSION

The purpose of the public works bonding statute is to protect all who supply labor and materials to a public works project to the extent of their contribution. However, the statute does not impose liability for terms of a contract between the subcontractor and the supplier which accrue only to the benefit of the supplier and not the project. Affirmed.